# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2385-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ARBIN HOOKS,

    Defendant-Appellant.

_____

> Submitted April 9, 2025 – Decided April 29, 2025
>
> Before Judges Mayer and Rose.
>
> On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment Nos. 91-11-4741, 91-11-4742, 91-11-4743, 91-11-4744, 91-11-4745, 91-11-4746, 91-11-4747 and 91-11-4748.
>
> Arbin Hooks, appellant pro se.
>
> Theodore N. Stephens, II, Essex County Prosecutor, attorney for respondent (Lucille M. Rosano, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Arbin Hooks appeals from a February 16, 2024 order denying his motion for a new trial without appointing counsel. We affirm.

In 1993, a jury convicted defendant of kidnapping, robbery, sexual assault offenses, certain persons offenses, and weapons offenses involving several victims. Defendant received an aggregate prison term of life plus thirty years with a forty-year period of parole ineligibility. The sentences related to the certain persons convictions were imposed concurrently.

Defendant appealed his convictions and sentence. We reversed defendant's convictions for the certain persons offenses, remanded those offenses for a new trial, but affirmed the remaining convictions. See State v. Hooks, 350 N.J. Super. 59 (App. Div. 2002).[1]

In September 2022, defendant filed a pro se motion for DNA testing of the evidence leading to his convictions. The motion judge assigned an attorney from the Office of the Public Defender (OPD) to represent defendant because the application requested post-conviction relief (PCR). In a July 3, 2023 order, the judge denied the motion. Defendant did not appeal.

---

[1] The remand trial was rendered moot based on the trial court's October 2022 dismissal of the indictments charging defendant with certain persons offenses.

A-2385-23

In November 2023, defendant filed a motion for a new trial or dismissal of the indictment for failure to preserve DNA evidence pursuant to <u>Rules</u> 3:20-1 and 3:20-2. Because he claimed the motion was his "first application for any type of [PCR]," defendant requested the assignment of counsel. The State opposed the motion. The judge declined to assign counsel because it was defendant's second PCR application. In a February 16, 2024 order and written decision, the judge denied defendant's motion. Defendant appealed.

In a June 10, 2024 order, we granted defendant's motion to proceed as indigent and to file the notice of appeal as within time. However, we denied defendant's motion for the assignment of counsel.

On appeal, defendant raises the following argument:

> THE PCR JUDGE ERRED IN SUMMARILY DENYING DEFENDANT'S FIRST PCR MOTION FOR [PCR] WITHOUT APPOINTMENT OF COUNSEL.

Defendant argues the judge erred in denying his motion for a new trial without appointing counsel. Defendant claims this application was his first PCR petition and he was entitled to the assignment of counsel under <u>Rule</u> 3:22-6(a). We disagree.

<u>Rule</u> 3:22-6(a) states:

> [I]f the [PCR] petition is the first one filed by the defendant attacking the conviction pursuant to this rule, the court shall as of course, unless defendant affirmatively states an intention to proceed pro se, by order assign the matter to the [OPD] if the defendant's conviction was for an indictable offense.

Assignment of counsel is required only on a first petition for PCR relief. See State v. Rue, 175 N.J. 1, 13 (2002). Our courts recognize applications for DNA testing after a conviction are "[PCR] remedies . . . designed to provide one last avenue of review to assure that no mistake was made." State v. Velez, 329 N.J. Super. 128, 137 (App. Div. 2000).

In this case, the OPD was assigned to represent defendant regarding his September 2022 PCR application. In light of that application, defendant fails to explain why he contends the November 2023 PCR application was his first petition for [PCR].

The judge who denied defendant's motion for a new trial was the same judge who appointed the OPD to represent defendant regarding his September 2022 PCR application. Because the judge assigned an attorney to represent defendant in the September 2022 PCR application, she found the November 2023 new trial motion was defendant's second PCR application.

A-2385-23

A defendant may be appointed counsel for a second or subsequent PCR petition under discrete circumstances. Rule 3:22-6(b), allowing the appointment of counsel for a second or subsequent PCR petition, provides:

> Upon any second or subsequent petition filed pursuant to this Rule attacking the same conviction, the matter shall be assigned to the [OPD] only upon application therefor and showing of good cause. For purposes of this section, good cause exists only when the court finds that a substantial issue of fact or law requires assignment of counsel and when a second or subsequent petition alleges on its face a basis to preclude dismissal under R[ule] 3:22-4.

Defendant failed to proffer good cause for the assignment of counsel regarding his November 2023 PCR application. Therefore, he did not satisfy the requirements of Rule 3:22-6(b).

Even if we agreed that defendant's November 2023 PCR application was his first PCR petition, which we do not, defendant concedes his application was untimely. The November 2023 PCR application was filed nearly twenty years after we affirmed defendant's convictions on direct appeal. See R. 3:22-12(a)(1) (holding a PCR petition time-barred if not filed within five years of the judgment of conviction being challenged). Therefore, the November 2023 PCR application is time-barred and defendant failed to proffer any exceptions to the time bar under Rule 3:22-12(a)(1).

A-2385-23

Additionally, defendant's November 2023 PCR application is procedurally barred under Rule 3:22-5 because it raised the identical legal issue rejected in a July 3, 2023 order denying defendant's request for DNA testing and a new trial. A PCR petition is precluded where the same issue was raised and resolved in a prior application. See R. 3:22-5 ("A prior adjudication upon the merits of any ground for relief is conclusive whether made in the proceedings resulting in the conviction or in any post-conviction proceeding brought pursuant to this rule."); see also State v. Afanador, 151 N.J. 41, 51 (1997) ("PCR will be precluded 'only if the issue is identical or substantially equivalent' to the issue already adjudicated on the merits." (quoting State v. McQuaid, 147 N.J. 464, 484 (1997))).

For these reasons, we are satisfied the judge properly denied defendant's November 2023 PCR application without the assignment of counsel.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division